AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| DAVID HIGHTOWER <br> *Plaintiff* <br> v. <br> EASTON AREA SCHOOL DISTRICT <br> *Defendant* | ) ) ) ) ) ) ) ) ) <br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Easton Area School District
1801 Bushkill Drive
Easton, PA  18040-8186

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John S. Harrison, Esquire
38 W. Market Street
Bethlehem, PA  18018

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____

_____
*Signature of Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*: _____
_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Hightower

**DEFENDANTS**
Easton Area School District

(b) County of Residence of First Listed Plaintiff: **Northampton**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Northampton**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John S. Harrison, Broughal & DeVito, L.L.P.
38 W. Market St., Bethlehem, PA 18018 (610) 865-3664

Attorneys (If Known)
John E. Freund, III, King Spry
One West Broad St., Bethlehem, PA 18018 (610) 332-0390

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of Civil Rights Act
Brief description of cause:
Racial harassment and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 12/02/2009
SIGNATURE OF ATTORNEY OF RECORD: John S. Harrison, Esquire

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

DAVID HIGHTOWER                         :           CIVIL ACTION
                                        :
                v.                      :
                                        :
EASTON AREA SCHOOL DISTRICT             :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 12/2/09 | _[signature]_ | Plaintiff |
|---------|---------------|-----------|
| Date    | Attorney-at-law | Attorney for |
| (610) 865-3664 | (610) 865-0969 | john-harrison@rcn.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HIGHTOWER,<br>        Plaintiff, | Civil Action No.: |
| v. | |
| EASTON AREA SCHOOL DISTRICT,<br>        Defendant. | JURY TRIAL DEMANDED |

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff David Hightower ("Mr. Hightower"), by his attorneys, Broughal & DeVito, L.L.P., brings this Complaint against Defendant Easton Area School District ("EASD").

### Nature of Action

1. This is an action raising racial discrimination, racial harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").

### Jurisdiction and Venue

2. This Honorable Court has original jurisdiction over the case under 28 U.S.C. § 1331, as it raises federal Title VII claims under the laws of the United States.

3. This Honorable Court has supplemental jurisdiction over the PHRA claims as those claims are so related to the federal Title VII claims that they form part of the same case or controversy.

4. This Honorable Court is the proper venue for this action under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because it is a judicial district in which a substantial part of the events giving rise to this cause of action arose.

### Procedural Prerequisites

5. On September 5, 2008, Plaintiff Mr. Hightower filed a Complaint with the Pennsylvania Human Relations Commissions ("PHRC"), Docket No. 200801302.

6. Mr. Hightower's PHRC Complaint was jointly filed with the Equal Employment Opportunity Commission ("EEOC"), Docket No. 17F200960190.

7. On or about October 21, 2009, Plaintiff Mr. Hightower received a right to sue letter.

### Facts

8. Defendant EASD employs more than 500 employees.

9. Plaintiff Mr. Hightower is an African-American male.

10. Plaintiff Mr. Hightower began working for Defendant EASD on or about August, 1989.

11. Plaintiff Mr. Hightower is currently the Principal of Paxinosa Elementary School for Defendant EASD.

### Count I
### Racial Harassment Under Title VII and the PHRA

12. Plaintiff Mr. Hightower incorporates by reference paragraphs 1 through of 11 of this Complaint as if set forth fully here.

13. Plaintiff Mr. Hightower was subjected to a hostile work environment rife with racial comments, racial actions, racial discrimination, and retaliation including:

- African American job applicants were listed on a document called the "Minority List." The Minority List was distributed to Defendant's principals. Principals were not made aware of the race of non-black applicants.

- The Associate Director of Human Resources sent a memorandum to the administrative team in which she stated that members of the "Minority List" were to be given "courtesy interview[s]."

- Acting superintendent, Joseph Kish, made racist statements including that Defendant EASD did not need more African American teachers because Philadelphia had African American teachers and still had problems and acting superintendent stated he would teach African American applicants how to dress and speak.

- At least one of Defendant EASD's directors used the "n" word in the workplace, and despite knowledge of this, Defendant EASD did not discipline this director.

- Paxinosa Elementary School, in which Defendant Mr. Hightower works, was moved from a suburban, primarily white, upper-middle class location to an ill-equipped former high school/middle school building in an urban area. A new modern school is being built on the location that previously housed Paxinosa Elementary School. This new school will be populated by a predominately upper-middle class, white student body. Meanwhile, Paxinosa Elementary School, which has a mixed, lower income student body, will remain in the ill-equipped urban building. Plaintiff Mr. Hightower was not made aware that his school would not return to the new building through any direct communication. Rather, he had to learn this through a mass e-mail. Plaintiff Mr. Hightower was not permitted to be involved in this decision, even though it impacted his school.

- Defendant EASD is re-segregating its schools by "unbusing" students with its "neighborhood schools" concept. Students who were bussed from community and housing projects in the south side of Easton to Palmer Elementary, in a primarily white upper-middle class suburb, will be sent to an inner city school with much less affluent student body.

- Despite Plaintiff Mr. Hightower's repeated applications for promotions to a position as Director of Human Resources, for which he applied in 2002 and 2007, Director of Support Program, for which he applied in 2007, and Superintendent, for which he applied in 2008, Plaintiff Mr. Hightower was not even considered or interviewed for a number of those positions.

- Requiring Plaintiff Mr. Hightower to provide confidential medical information to members of Defendant EASD's Board in order to obtain FMLA leave. No Caucasian members of the administration or teachers who requested FMLA leave were ever required to do so.

- Requiring Plaintiff Mr. Hightower to read various articles and report on them to the Director of Elementary Education, while no other Principal or teacher was required to do so.

- Publicly humiliating and embarrassing Plaintiff Mr. Hightower by making false statements about his abilities and performance.

14. Plaintiff Mr. Hightower suffered this racial harassment as a result of his race, black.

15. The racial harassment was continuous, pervasive and regular throughout his employment.

16. The racial harassment detrimentally affected Plaintiff Mr. Hightower.

17. The racial harassment would detrimentally affect a reasonable person in the same position.

18. Defendant EASD is responsible for the actions of its administrators, who engaged in this pattern of behavior including, but not limited to, Dennis Riker, Superintendent; Joseph Kish, acting Superintendent; and Louis Cox, Director of Security.

19. It is also believed that the racially charged environment was being promoted by members of Defendant's Board.

WHEREFORE, Plaintiff Mr. Hightower requests that judgment be entered in his favor and against Defendant EASD and that he receive an award of back pay, front pay, upgrading, punitive damages, compensatory damages, attorney fees, and any other relief this Honorable Court deems proper.

### Count II
### Racial Discrimination Under Title VII and the PHRA

20. Plaintiff Mr. Hightower incorporates by reference paragraphs 1 through 19 of this Complaint as if set forth fully here.

15. Complainant Hightower was subjected to discrimination on the basis of his race continuously throughout his employment.

16. As a result of Complainant Hightower's African American race, Complainant Hightower was not promoted to the position of Director of Human Resources, for which he applied in 2002.

17. As a result of Complainant Hightower's race, he was subjected to discipline that no other employees were subject to in that he was required to read articles and report on them to the Director of Elementary Education, Mr. Shoemaker.

18. As a result of Complainant Hightower's race, he was not promoted to the position of Director of Human Resources, for which he applied in 2007.

19. As a result of Complainant Hightower's race, he was not promoted to the position of Director of Support Programs, for which he applied in 2007.

20. As a result of Complainant Hightower's race, he was not promoted to the position of Superintendent, for which he applied in 2008.

21. Respondent treated whites differently than Complainant in that whites were provided this position, even though their credentials were lower than Complainant Hightower's.

22. Complainant treated whites differently in that whites were provided interviews for the position of Superintendent, for which Complainant Hightower was not even provided an interview.

23. Complainant Hightower was also discriminated against when he sought FMLA leave in that he was required to provide information to Respondent's Board, while white employees who sought FMLA leave were not required to provide confidential medical information to Respondent's Board.

WHEREFORE, Plaintiff Mr. Hightower requests that judgment be entered in his favor and against Defendant and that he receive an award of back pay, front pay, upgrading, punitive damages, compensatory damages, attorney fees, and any other relief this Honorable Court deems proper.

### Count III
### Retaliation under Title VII and the PHRA

24. Plaintiff Mr. Hightower incorporates by reference paragraphs 1 through 23 of this Complaint as if set forth fully here.

25. Complainant Hightower conveyed at the Principals' Redistricting Meetings held on September 22, October 1, October 8, October 15, October 22, and October 29, 2008, as well

as at the Facilities Utilization Meeting held on October 29, 2008, that the re-segregating efforts were not appropriate. Present at one or all of these meetings were Gregory Shoemaker, Director of Elementary Education; Joseph Kish, Assistant to the Superintendent of Schools; and various EASD Board of Education members.

26. Complainant Hightower registered complaints to members of the Respondent's administration regarding the refusal of Respondent to return Paxinosa Elementary School to the new school building.

27. Complainant Hightower registered complaints to members of Respondent's administration about what he was required to do in order to obtain FMLA leave.

28. Each of Complainant Hightower's complaints related to discriminatory conduct by Respondent.

29. In return for Complainant Hightower's complaints, Complainant Hightower was subjected to public embarrassment by the Director of Elementary Education, Mr. Shoemaker; was referred to as "chicken shit" by the acting Superintendent of Schools, Mr. Kish; and Complainant Hightower was required to read various articles and then meet with Shoemaker to discuss them.

30. No Caucasian principals or teachers were humiliated and disciplined in the fashion that Complainant Hightower was publicly humiliated and disciplined.

31. Complainant was not considered for promotions as a result of the complaints he made.

32. The actions taken toward Complainant Hightower were in retaliation for the complaints he made about discrimination.

WHEREFORE, Plaintiff Mr. Hightower requests that judgment be entered in his favor and against Defendant and that he receive an award of back pay, front pay, upgrading, punitive damages, compensatory damages, attorney fees, and any other relief this Honorable Court deems proper.

## JURY TRIAL DEMAND

33. Plaintiff Mr. Hightower demands a trial by jury.

BROUGHAL & DeVITO, L.L.P.

Dated: 12/1/09

By: _____
JOHN S. HARRISON, ESQUIRE
Attorney I.D. No. 53864
38 West Market Street
Bethlehem, PA 18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969
*Attorneys for Plaintiff*